UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>SUCCESS CONTINUING EDUCATION, INC.,<br><br>Defendant, | Case No. 1:18-cv-1875 |

## COMPLAINT

Plaintiff Phoenix Life Insurance Company ("PLIC") files its Complaint against Defendant Success Continuing Education, Inc. ("Success CE") as follows:

### I.   PARTIES

1. Plaintiff Phoenix Life Insurance Company is an insurance company organized and existing under and by virtue of the laws of the state of New York, with its principal place of business in Hartford, Connecticut.

2. Defendant Success CE is a corporation organized and existing under and by virtue of the laws of the state of California, with its principal place of business in Newport Beach, California.

### II.   JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, because this is a civil action between citizens of different states in which the matter and controversy exceeds the sum or value of $75,000, exclusive of interests or costs. PLIC is a citizen of Connecticut and/or New York, and Success CE is a citizen of California. Therefore, this Court has jurisdiction by virtue of Title 28, United States Code, Section 1332(a)(1).

4. PLIC "and its Affiliates,"[1] on the one hand, and Success CE, on the other hand, are parties to a written agreement entitled, "Agreement for Product Specific Training and Continuing Education Services" (the "Contract," attached as Exhibit 1). Pursuant to Section 17 of the Contract, Success CE unconditionally submitted to the jurisdiction of the Court. As such, Success CE has waived any objection to the Court's jurisdiction.

5. Venue is proper in this district because, by executing the Contract, the parties have submitted to the Court's jurisdiction and agreed that venue in this district is proper.

### III.    FACTS

6. PLIC's Affiliates include insurance companies that are, and during all relevant times have been, in the business of issuing annuities. The Affiliates' annuities are sold to customers through independent insurance producers ("Producers").

7. The Producers are subject to various rules and regulations that require them to complete certain continuing education and training courses in order to maintain their licenses and otherwise maintain their eligibility to sell the Affiliates' products. The Affiliates are required to maintain records that reflect whether the Producers have satisfied their continuing education and training requirements.

8. Success CE is in the business of providing insurance professionals, such as the Producers, with continuing education and other training courses. Success CE represented to PLIC that it could provide the Producers with such courses, and provide PLIC and/or the Affiliates with reports reflecting the Producers' completion of said courses.

---

[1] PLIC's "Affiliates" include PHL Variable Insurance Company ("PHL"), The Phoenix Companies, Inc. ("PNX"), and Phoenix Life and Annuity Company ("PLAC") (collectively, the "Affiliates.").

9. On or about March 12, 2012, PLIC (and the Affiliates) and Success CE entered into the Contract.

10. Pursuant to the Contract, Success CE agreed to "provide the continuing education and Product Specific Training Services and host, deliver and report monthly to CLIENT COMPANY the training results for Annuity Product Specific Training (the 'Services') provided to CLIENT COMPANY and/or [Producers]" as set forth in the Contract's "Statement of Work." The Contract defines "CLIENT COMPANY" as PLIC and the Affiliates.

11. The Statement of Work included a fee schedule. The fee schedule set forth the fees that Success CE would charge PLIC and its Affiliates for "Product Specific Course (PST) Reporting," as follows:

| Product Specific Course(PST) Reporting Fee: | |
|---|---|
| We bill for each producer course completion record reported to Phoenix Life Insurance Company, or on behalf of Phoenix Life Insurance Company, on a annual census count from the Phoenix database. There will be a minimum of 2 years billing for the census count billing. | Two-year Annual census count fee of $5 per producer to report PST completions. |
| For agents who take the Phoenix Product Specific Training through another method, we will allow them to upload a digital copy of the certificate and/or manually enter their course data elements. We will bill $1.50 each to report such records to Phoenix Life Insurance Company. | $1.50 per record reported for agents who complete the course via another training method or platform. |

12. As set forth in the Statement of Work, Success CE was entitled to a $5.00 fee for each Producer that (a) was included in a database maintained by Success CE, *and* (b) completed a continuing education or product specific course that was reported by Success CE to PLIC and the Affiliates.

13. During the relevant time period, Success CE maintained a database that purportedly reflected the identities of the Producers. In 2012, that database included

3

approximately 6,244 individuals. By 2017, the database had increased to include approximately 17,633 individuals.

14. In assessing fees to PLIC and the Affiliates, Success CE charged them $5.00 for each individual reflected in the database, regardless of whether any such individual completed any continuing education or product specific courses, or whether Success CE reported the completion of such courses to PLIC and the Affiliates.

15. Success CE assessed fees to PLIC and the Affiliates that were not permitted by the Contract. Here, Success CE allowed the database to include multiple entries for the same individuals, entries created for testing purposes only, as well as entries that were created entirely by Success CE itself. When PLIC discovered these entries, along with entries for individuals who: (1) were deceased, (2) no longer had an affiliation with PLIC and the Affiliates, (3) no longer actively sold insurance products for PLIC and the Affiliates, and (4) were not eligible to sell the products for which the training was required, PLIC asked Success CE to remove them from the database. Despite numerous communications from Success CE indicating that individuals could be removed, Success CE ultimately refused. As a result, the database materially overstated the number of Producers that actually existed or could possibly complete courses through Success CE. Because Success CE assessed fees that were based on the number of database entries, as opposed to the number of Producers that actually completed courses, Success CE grossly overcharged PLIC and its Affiliates every year from 2012 to 2017.

16. For example, in January 2018, Success CE provided PLIC with a summary of the database, which reflected the following information:

**Phoenix Accounts Database**
As of 10/01/2017

| | |
|---|---|
| Total Accounts: | 17,633 |
| Total Accounts with Courses: | 9,445 |
| Total Appointed Agents: | 14,451 |
| Total Appointed Agents with Courses: | 6,802 |
| Total Non-Appointed Agents: | 3,182 |
| Total Non-Appointed Agents with Courses: | 2,643 |

As this reflects, of the 17,633 entries in the database, only 9,445 (54%) entries represent Producers who completed any reported Success CE courses. The remaining 8,188 (46%) entries represent Producers who have not completed any reported Success CE courses. Despite this, Success CE submitted an invoice that reflected a $5.00 fee for every purported person for which an entry was made in the database (attached as Exhibit 2). The total charge for such fees was $88,415.00. If Success CE had assessed fees in compliance with the Contract's terms, the amount owed would have been approximately $41,000 less.

17.  Success CE utilized similar tactics when assessing fees to PLIC and the Affiliates each year from 2012 to 2016. PLIC and the Affiliates paid Success CE in response to invoices sent to it in each of those years:

| Year | # of Producers in Database | Amount Paid |
|---|---|---|
| 2012 | 6,244 | $ 31,220.00 |
| 2013 | 8,571 | $ 42,855.00 |
| 2014 | 13,053 | $ 65,265.00 |
| 2015 | 15,902 | $ 79,510.00 |
| 2016 | 16,875 | $ 74,375.00 |

In each of these years, Success CE collected far more from PLIC and its Affiliates than the Contract permitted.

5

18. Success CE has also breached the Contract in other ways. For example, Success CE has assessed PLIC and the Affiliates certain fees that were not permitted under the Contract. Each time that Success CE assessed a charge to PLIC and the Affiliates that was not expressly permitted under the Contract, Success CE breached the Contract.

19. After receiving the 2017 invoice, PLIC notified Success CE of its concern that the invoice sought fees that were not permitted by the Contract. In response, Success CE refused to reduce its fees to comply with the Contract. As a result, the parties were unable to settle this dispute amicably, and PLIC was required to commence this action. PLIC has performed and/or satisfied all conditions precedent to filing this action. The Affiliates have assigned their rights in and under the Contract to PLIC.

### IV.   CAUSES OF ACTION

**Count 1: Breach of Contract**

20. PLIC incorporates the foregoing paragraphs as if fully set forth herein.

21. A valid and enforceable written agreement or contract existed between PLIC and its Affiliates, on the one hand, and Success CE, on the other (the Contract).

22. The Contract is governed by the laws of the State of New York.

23. Success CE breached the Contract by, among other things, assessing and collecting fees from PLIC and the Affiliates that were not expressly allowed by the Contract's terms.

24. As a result, PLIC has been foreseeably and materially injured and seeks to recover all damages that resulted from Success CE's breaches of contract, including restitution.

25. Success CE is responsible for all attorney's fees and costs incurred in connection with this action pursuant to Section 17 of the Contract.

**Count 2: Declaratory Judgment**

26. PLIC incorporates the foregoing paragraphs as if fully set forth herein.

27. An actual controversy has arisen and now exists between PLIC and Success CE concerning their respective rights and duties under the Contract. PLIC is entitled to declaratory relief pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201 et seq.

28. Accordingly, PLIC requests a judicial determination and declaration of the parties' respective rights and duties under the Contract. Specifically, PLIC requests a declaration that the Contract does not permit Success CE to assess or collect a $5.00 fee for any Producer that does not actually complete a continuing education or product training course that was reported by Success CE to PLIC and the Affiliates. A judicial determination is necessary and appropriate at this time so that PLIC can determine the nature and extent of its obligations, if any, to Success CE.

WHEREFORE, PLIC prays for judgment against Defendant Success CE as follows:

(a) an order awarding all actual damages to PLIC, including restitution of any amounts paid to or collected by Success CE that were not owed under Contract, as set forth herein;

(b) an order awarding PLIC its expenses, costs, and attorney's fees incurred in connection with this action and any subsequent appeal;

(c) an order awarding prejudgment and post-judgment interest to PLIC at the maximum rate allowed by law;

(d) an order declaring that the Contract does not permit Success CE to assess or collect a $5.00 fee for any Producer that does not actually complete a continuing education or product training course that was reported by Success CE to PLIC and its Affiliates;

and

(e) an order awarding such other relief as the Court deems equitable and just to PLIC.

Dated:  March 1, 2018                           Respectfully submitted,

                                                By:    /s/ *Kendall J. Burr*
                                                Kendall J. Burr, Bar No. KB5562
                                                Jason A. Richardson*
                                                MCDOWELL HETHERINGTON LLP
                                                1001 Fannin, Suite 2700
                                                Houston, Texas 77002
                                                Phone:  713-337-5580
                                                Facsimile:  713-337-8850
                                                Email:    kendall.burr@emhllp.com
                                                          jason.richardson@emhllp.com
                                                **Pro hac vice* motion to be filed*

                                                *Attorneys for Plaintiff Phoenix Life Insurance Company*